UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| **ROVENA KAY** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:13-cv-03746** |
| | ) | |
| **COMMERCIAL RECOVERY** | ) | |
| **SYSTEMS, INC.** | ) | |
| Defendant, | ) | |
| | ) | |

**COMPLAINT**

## I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Rovena Kay, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.      JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here, and also because Defendant resides here.  Because Defendant transacts business here, personal jurisdiction is established.

### III.    PARTIES

4.  Plaintiff, Rovena Kay (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Somerset County, in the state of Pennsylvania.

5.  Defendant, Commercial Recovery Systems, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Dallas County, in the state of Texas.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees,

officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8.  Sometime before 2013, Plaintiff, Rovena Kay, allegedly incurred a financial

obligation that was primarily for personal, family, or household purposes and is therefore

a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or

otherwise transferred to Defendant for collection from Plaintiff Rovena Kay.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal,

family, or household purposes, whether or not such obligation has been reduced to

judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Within one year prior to the filing of this complaint, during early July of 2013,

Defendant contacted Plaintiff's parent(s), in attempt(s) to collect on an alleged consumer

debt, and alerted them to her alleged debt, without her consent, and without the contact

having been for emergency purposes.  This conduct by Defendant was in violation of the

FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692c(b), §1692d, and §1692f.  This was a communication(s), as defined under 15 U.S.C. § 1692a(2).

12.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by this Defendant.

13.  Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, and upset, amongst other negative emotions.

14.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.      CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

15.  Plaintiff Rovena Kay repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rovena Kay respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. §

1692k(a)(2)(A).


C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(3).


D. Punitive damages.


E. For such other and further relief as the Court may deem just and proper.


Dated:  September 12, 2013                        RESPECTFULLY SUBMITTED,
                                                   By: /s/ Kevin Crick
                                                   Kevin Crick, Esq.
                                                   BBO:  680950
                                                   Consumer Rights Law Firm, PLLC
                                                   231 Sutton Street, Suite 1A
                                                   North Andover, Massachusetts 01845
                                                   Phone: (978) 420-4747
                                                   Fax#1: (888) 712-4458
                                                   Fax#2: (978) 409-1846
                                                   kevinc@consumerlawfirmcenter.com
                                                   **Attorney for Plaintiff**